IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Scott K. Snyder, | ) | CASE NO.  1: 06 CV 2737 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Commissioner of Social Security | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Application for Attorney Fees Under the
Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), (d) and Motion for Allowance of
Attorney Fees under Section 406(b). (ECF #15)

Plaintiff filed this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. §
405(g). Following administrative denials of her application, Plaintiff sought judicial review.
This Court remanded Plaintiff's claim for disability benefits back to the Agency for further
proceedings.  On remand, the Agency made a decision fully favorable to Plaintiff and withheld
$11,340.75 from Plaintiff's past due benefits for payment of attorneys fees.  In September 2008,
the Agency authorized Plaintiff's counsel to collect $7,000 for administrative services.  The
Agency held the remaining $4,340.75 until March 6, 2009, when it released the remaining
amount to Plaintiff.  This Court entered final judgment on October 29, 2010.  Plaintiff filed the
instant application on November 29, 2010 seeking $3,386.39 in fees and $60.78 in expenses

under the EAJA and $4,340.75 in fees under § 406(b).

In its response to Plaintiff's Application, the Commissioner does not oppose Plaintiff's request for $4,340.75 in fees under § 406(b), however, the Commissioner notes that Plaintiff's counsel will need to collect the amount due from Plaintiff, as the Commissioner released the remaining $4,340.75 to Plaintiff in March 2009. As to Plaintiff's request for $3,386.39 in fees and $60.78 in expenses under the EAJA, the Commissioner concedes that a reasonable fee may be awarded to Plaintiff in this case under the EAJA, but asserts that Plaintiff's counsel's request for EAJA fees should be reduced to exclude clerical and secretarial work performed by attorneys and non-attorneys alike. Defendant contends that based upon the descriptions of work performed in Exhibits A and B to Plaintiff's Application, Plaintiff's EAJA fees should be reduced by $1166.13 for a new total of $2220.26 in fees.

The primary purpose of the Equal Access to Justice Act, 28 U.S.C. §2412, is "to shift to the United States litigation expenses incurred by the prevailing party while contesting unreasonable government action." *Meyers v. Heckler*, 625 F. Supp. 228 (S.D. Ohio 1985) Congress also desired to discourage federal agencies from taking frivolous positions. *Miles v. Bowen*, 632 F. Supp. 282 (M.D. Ala 1986).

Section 2412 (d)(1)(A) provides in pertinent part:

> a court *shall award* to a prevailing party other than the United States fees and other expenses, in addition to any cost awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A) (emphasis added) Accordingly, unless the court finds that the position

of the Commissioner was substantially justified or that special circumstances make an award unjust, Plaintiff's Motion for Attorney Fees should be granted.  In this case, the Commissioner does not contend that his position was substantially justified or that special circumstances make an award unjust.  Therefore, the Court finds that Plaintiff is entitled to  Attorney Fees and costs under the EAJA in this matter, as well as Attorney Fees under § 406(b).

The only remaining issue is whether Plaintiff's request for Attorney Fees under the EAJA is reasonable or if it should be reduced.  Request for fees from clerical and secretarial tasks are generally not allowed under fee shifting statutes like the EAJA. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them."); *Wilkett v. ICC*, 844 F.2d 867, 875 n.6 (D.C. Cir. 1988) (Petitioners may not recover secretarial costs or "overhead" under EAJA, as those are traditionally covered by attorney's fees and not billed separately.); *Mobley v. Apfel*, 104 F. Supp.2d 1357, 1360 (M.D. Fla. 2000) (Time spent on clerical tasks is properly considered overhead cost and not compensable under EAJA.)  Notwithstanding the prohibition against compensation for secretarial or overhead costs, work done by non-attorneys such as paralegals or law clerks, may be compensable under the EAJA if the work is "sufficiently complex" or work "traditionally performed by attorneys". *See People who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307, 1315 (7th Cir. 1996); *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988), *aff'd on other grounds*, 496 U.S. 154 (1990).  Excluding compensation for work done by paralegals or law clerks would be counterproductive because excluding reimbursement for such work might encourage attorneys to handle entire cases themselves, thereby achieving the same results at a higher overall cost. *Id.; See Berman v. Schweiker*, 531 F.Supp. 1149, 1154-55 (N.D.Ill.1982),

3

*aff'd,* 713 F.2d 1290 (7th Cir.1983).

Plaintiff has submitted billing records for two attorneys, a legal assistant, a legal technician, a file reviewer, a secretary/receptionist and an administrative assistant for reimbursement. After careful review, the Court finds that the time billed by the attorneys was reasonable and should be reimbursed in full. Plaintiff, in his Reply, also seeks a supplemental award in connection with his EAJA Reply brief. Plaintiff's counsel, Kirk Roose, states that he spent 3 hours researching and drafting the reply and requests the rate of $173.13 per hour for a total of $519.39. Mr. Roose billed 1.5 hours for the preparation and filing of the EAJA application. The 4 page reply brief contains no new information other than the supplemental request for fees, thus the Court finds a request for 3 hours to produce the reply brief to be unreasonable. The Court will permit the application for additional fees but reduce the time billed to 1 hour at Mr. Roose's 2010 rate of $173.75.

Plaintiff requested reimbursement for 11 hours of time spent by Tosha Martin, legal assistant. Review of Ms. Martin's time records show that entries for 3/12/07, 5/11/07, 7/13/07, 8/21/07 and 7/18/08 totaling .7 hours were purely clerical and not for work that would normally be performed by an attorney. Accordingly, $35 will be subtracted from the $550 sought for Ms. Martin's time. Review of the time records for the remaining employees reveals that all of the tasks performed by the legal technician, file reviewer, secretary/receptionist and administrative assistant were clerical in nature and are not recoverable under EAJA. Accordingly, all of their time entries totaling $470 will be excluded. In sum, Plaintiff's request under EAJA is granted as follows: Atty Roose $695.76; Atty Ressler $1,843.76 and Legal Asst. Martin $515 plus expenses of $60.78 for a total of $3,115.30.

4

Plaintiff originally requested that the EAJA fees be awarded to the claimant and paid to the claimant, since counsel believed that the § 406(b) fee would be paid to counsel. However, the Commissioner already paid the § 406(b) amount to the claimant. As such, Plaintiff requests that the EAJA fee be "awarded" to Plaintiff under *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) and then paid to counsel. In *Ratliff*, the Supreme Court affirmed that since Claimant was the prevailing party within meaning of the Equal Access to Justice Act (EAJA) in her social security benefits case, the award of attorney fees pursuant to the EAJA was payable to her rather than to her attorney, and thus was subject to offset, pursuant to the Treasury Offset Program (TOP), to satisfy her pre-existing debt to the Government. Although the Court recognized that the Government would at times pay the attorney fees directly to the Claimant's counsel in some cases where the plaintiff did not owe a debt to the government and assigned the right to receive the fees to the attorney, such practice is not required. *Id.* at 2529. In this case, Plaintiff has assigned her right to receive fees to her counsel. (EAJA Ex. G) The Government has not indicated whether Plaintiff owes any debt to the Government that could be offset against her fee award, but has argued that fees, if awarded should be awarded and paid to Plaintiff. As the law is clear that attorney fees awarded under the EAJA belong to Plaintiff and not to counsel, the Court will award the fees in this instance to Plaintiff and leave it to counsel to collect his fee from Plaintiff in accordance with their agreement.

## CONCLUSION

For the reasons set forth above, Plaintiff's Application for Attorney Fees under EAJA (ECF #15) is granted in the amount of $3,115.30 payable to Plaintiff. Plaintiff's Motion for Allowance of Attorney Fees under § 406(b) (ECF #15) is granted in the amount of $4,340.75. As

that amount has already been paid to Plaintiff by Defendant, that award has been satisfied.

IT IS SO ORDERED.

Donald C. Nugent
United States District Judge

Dated: January 10, 2011

6